UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:14CV-627-JHM

KIMBERLY HARRINGTON                                                PLAINTIFF

VS.

DH CAPITAL MANAGEMENT, INC.                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant DH Capital Management, Inc.'s ("DH Capital") Motion to Dismiss [DN 5]. Fully briefed, this matter is ripe for review.

## I. BACKGROUND

This case arises out of Defendant DH Capital's suit filed against Plaintiff Harrington to recover a credit card debt owed to US Bank. While DH Capital initially filed suit in Warren County, Kentucky on October 4, 2011, Defendant eventually transferred the case to Jefferson County District Court. On February 10, 2014, Defendant and Plaintiff filed an Agreed Judgment with the Jefferson District Court that called for Plaintiff to make $60 payments each month starting on December 13, 2013. [Agreed Judgment, DN 1-2]. However, by June 25, 2014, DH Capital had determined that Harrington was in default on her payments required under the Agreed Judgment, and as a result, Defendant sought to garnish her wages.

After learning of the wage garnishment sent to her employer, Plaintiff filed an affidavit and a motion with the Jefferson District Court seeking to vacate the Agreed Judgment. Plaintiff asserted, *inter alia*, that the Agreed Judgment should be vacated on the grounds that: (1) Defendant's claim for the debt was barred by the statute of limitations; (2) the Agreed Judgment called for Plaintiff to pay an interest rate in excess of the permitted rate; and (3) the Agreed

Judgment impermissibly required Plaintiff to pay attorney's fees. [Pl.'s Mot. to Vacate, DN 5-6, at 4-5]. On August 1, 2014, Jefferson District Court Judge David Bowles heard arguments on Plaintiff's motion to vacate and denied Plaintiff's motion pursuant to Kentucky Rule of Civil Procedure (CR) 60.02. [Hr'g Tr., DN 5-8, at 10]. Subsequently, Judge Bowles entered an Order denying Plaintiff's challenge to the garnishment. [Order Denying Garnishment Challenge, DN 5-9].

On September 10, 2014, Plaintiff Harrington filed suit in this Court seeking declaratory relief and damages related to the previously described facts. Plaintiff's Complaint alleges multiple causes of action falling under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* As it relates to the present motion to dismiss, three of those causes of action mirror the issues raised by Plaintiff in her motion to vacate the Agreed Judgment in state court. Specifically, Plaintiff claims that DH Capital filed suit on a debt outside the permissible statute of limitations, attempted to collect interest in excess of the permissible rate, and attempted to obtain attorney's fees. [Compl., DN 1, at 5-6].

## II. ANALYSIS

Defendant seeks to dismiss Plaintiff's Complaint on two grounds. First, Defendant contends that the Court lacks subject matter jurisdiction based on the Rooker-Feldman doctrine, which originated from Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). Second, Defendant asserts that Plaintiff is barred from raising her claims based on issue and claim preclusion. Plaintiff responds to Defendant's first assertion by arguing that the Rooker-Feldman doctrine is inapplicable to the present case because her claims are independent from the issues she raised in her motion to vacate in state court. As to issue and

claim preclusion, Plaintiff contends that her claims were not actually litigated at the state court, and thus not barred.

### A. Rooker-Feldman Doctrine

"Rooker–Feldman is a combination of the abstention and *res judicata* doctrines, under which the Supreme Court's appellate jurisdiction precludes lower federal courts from engaging in what amounts to appellate review of state court proceedings." Brown v. First Nationwide Mortgage Corp., 206 F. App'x 436, 439 (6th Cir. 2006) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283–84, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). As clarified by Exxon Mobil, the Rooker–Feldman doctrine deprives federal courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil, 544 U.S. at 284, 125 S.Ct. 1517; see also Feldman, 460 U.S. at 482; Rooker, 263 U.S. at 415-16. However, "[f]ederal jurisdiction is proper if a federal plaintiff presents an independent claim, 'albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party.'" Brown, 206 F. App'x at 439 (quoting Exxon Mobil, 544 U.S. at 293, 125 S.Ct. 1517). To distinguish permissible independent claims, the Sixth Circuit adopted the test used by the Fourth Circuit, which provides as follows:

> The plaintiffs in Rooker and Feldman sought redress for an injury allegedly caused by the *state-court decision* itself—in Rooker, the plaintiff sought to overturn a state-court judgment in federal district court, and in Feldman, the plaintiffs sought to overturn a judgment rendered by the District of Columbia court in federal district court. In Barefoot [a pre-Exxon Mobil case], by contrast, we extended the Rooker–Feldman doctrine to apply in situations where the plaintiff, after losing in state court, seeks redress for an injury allegedly caused by the *defendant's actions.*

McCormick, 451 F.3d at 393 (quoting Davani v. Virginia Dep't of Transp., 434 F.3d 712 (4th Cir. 2006)). Therefore, if a plaintiff's injury derives from some other source besides the state

court decision, then the claim is independent and not barred by Rooker-Feldman. See Id. For claims determined to be independent, "state law determines whether the defendant prevails under principles of preclusion." Exxon, 544 U.S.at 293, 125 S. Ct. 1517, 1527, 161 L. Ed. 2d 454 (2005) (quoting GASH Assocs. v. Rosemont, 995 F.2d 726, 728 (7th Cir. 1993)).

Shortly following the decision in Exxon Mobil, the Sixth Circuit addressed the application of the Rooker-Feldman doctrine in a case involving FDCPA claims. In Todd v. Weltman, Weinberg & Reis Co., L.P.A, a debt collection firm obtained a judgment against Robert Todd and his wife in state court for a debt related to the purchase of furniture. Todd, 434 F.3d 432, 434-35 (6th Cir. 2006). After the entry of judgment, the collection firm filed an affidavit stating that the plaintiffs had non-exempt assets that could be garnished. Id. at 435. As a result of the defendant's affidavit, the court froze the plaintiffs' bank account. Id. However, after a hearing on the garnishment order, the state court concluded that all of plaintiffs' asserts were exempt under state law. Id. The plaintiffs then filed suit in federal court claiming that the defendant violated the FDCPA by failing to adequately investigate plaintiffs' property in order to determine whether it was exempt or not. Id.

Applying the facts in Todd to the Supreme Court's holding in Exxon-Mobil, the Sixth Circuit concluded that Rooker-Feldman did not preclude the district court from exercising jurisdiction over the plaintiffs' FDCPA claims. Todd, 434 F.3d at 437. In making this determination, the Sixth Circuit explained:

> Defendant in the instant case claims this Court lacks subject matter jurisdiction because Plaintiff's federal claim is inextricably intertwined with the Ohio state court decision that Defendant's affidavit was valid. This argument ignores the fact that Plaintiff here does not complain of injuries caused by this state court judgment, as the plaintiffs did in Rooker and Feldman. Instead, after the state court judgment, Plaintiff filed an independent federal claim that Plaintiff was injured by Defendant when he filed a false affidavit. This situation was explicitly addressed by the Exxon Mobil Court when it stated that even if the independent

> claim was inextricably linked to the state court decision, preclusion law was the correct solution to challenge the federal claim, not Rooker–Feldman. While Defendant is technically correct that this guidance was not essential to the holding on the facts of Exxon Mobil, as that case dealt with parallel state and federal proceedings, the Supreme Court went beyond the facts of the case to give clear instructions to the circuits on how to address additional factual situations. To follow the reasoning of Defendant would be to ignore these unambiguous directives from the Supreme Court.

Id. (internal citations omitted).

The facts of the present case differ slightly from those found in Todd. Namely, Plaintiff seeks redress based on actions taken prior to the entry of a judgment. However, this is a distinction without a difference. In fact, another district court examined facts similar to the present case where the debt collection agency obtained a default judgment that included attorney's fees and interest at a prohibited rate. See Wyles v. Excalibur I, LLC, 2006 WL 2583200 (D. Minn. Sept. 7, 2006). Based on Todd, the district court concluded that the plaintiff could assert her FDCPA claims in federal court, despite those claims being directly related to the state judgment. Wyles v. Excalibur I, LLC, 2006 WL 2583200, 6 (D. Minn. Sept. 7, 2006) ("[Plaintiff] does not seek review of a state court judgment, but through the FDCPA, [he] may challenge the law that [the collection agency] advanced in the state court proceedings."). This logic also applied to a FDCPA claim premised on the debt collection agency obtaining a default judgment from a claim falling outside the statute of limitations. See Naranjo v. Universal Sur. of America, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) ("Plaintiff here is not asking this Court to review or reject the state default judgment itself. Rather, Plaintiff is complaining about Defendants' alleged practices of bringing time-barred collections actions, and committing numerous violations under the FDPCA and state law."). Furthermore, Plaintiff's Complaint reflects no language to suggest this is an attempt to vacate the Agreed Judgment, which would clearly be prohibited under Rooker-Feldman. See Ness v. Gurstel Chargo, P.A., 933 F. Supp. 2d

1156, 1163 (D. Minn. 2013) ("To the extent Plaintiffs seek to avoid Rooker–Feldman by asking this Court to order Defendants themselves to take steps to vacate the state-court judgments, the Court rejects that subterfuge."). As such, the Court finds that Plaintiff's claims are independent of the Agreed Judgment and not precluded based on the Rooker-Feldman doctrine.

### B. Claim and Issue Preclusion

Defendant next seeks to dismiss Plaintiff's Complaint based on preclusion law. Before addressing the merits of Defendant's arguments, two issues must be addressed. First, it should be noted that the Court will apply Kentucky law to the issue of preclusion law in this matter because "[s]tate-court judgments are given the same preclusive effect under the doctrines of res judicata and collateral estoppel as they 'would receive in courts of the rendering state.'" Ohio ex rel. Boggs v. City of Cleveland, 655 F.3d 516, 519 (6th Cir. 2011) (quoting ABS Indus., Inc. ex rel. ABS Litig. Trust v. Fifth Third Bank, 333 Fed. Appx. 994, 998 (6th Cir. 2009)). Second, unlike the Rooker-Feldman doctrine, "the rule of res judicata is an affirmative defense . . . ." Indep. Order of Foresters v. Chauvin, 175 S.W.3d 610, 614 (Ky. 2005) (quoting Yeoman v. Commonwealth, Health Policy Bd., 983 S.W.2d 459, 464 (Ky.1998) (internal quotation marks omitted). As such, "[c]ourts generally cannot grant motions to dismiss on the basis of an affirmative defense unless the plaintiff has anticipated the defense and explicitly addressed it in the pleadings." Estate of Barney v. PNC Bank, Nat. Ass'n, 714 F.3d 920, 926 (6th Cir. 2013) (citation and internal quotation marks omitted). In the present case, considering the natural entanglement of the Rooker-Feldman doctrine and preclusion law, Plaintiff should have realistically predicted that the Defendant would challenge her Complaint based on preclusion law. Therefore, the Court will review Defendant's affirmative defenses.

"Under Kentucky law, res judicata, or claim preclusion, 'may be used to preclude entire claims that were brought or should have been brought in a prior action, while the doctrine of collateral estoppel [or issue preclusion] only applies to issues actually litigated.'" Donovan v. Thames, 105 F.3d 291 (6th Cir. 1997) (quoting City of Covington v. Board of Trustees of Policemen's and Firefighters' Retirement Fund, 903 S.W.2d 517, 521 (Ky. 1995)). For claim preclusion, Kentucky law requires a showing of three elements: (1) "there must be identity of the parties . . . ."; (2) "there must be identity of the causes of action . . . ."; and (3) "the action must have been resolved on the merits." Yeoman v. Commonwealth, Health Policy Bd., 983 S.W.2d 459, 465 (Ky. 1998) (citing Newman v. Newman, 451 S.W.2d 417, 419 (Ky. 1970)). For issue preclusion, the following four elements must be present: (1) "the issue in the second case must be the same as the issue in the first case . . . ."; (2) "the issue must have been actually litigated . . . ."; (3) "the issue was actually decided in that action . . . ."; and (4) "the decision on the issue in the prior action must have been necessary to the court's judgment." Yeoman, 983 S.W.2d at 465 (citing Restatement (Second) of Judgments § 27 (1982)). According to Defendant, "[t]he District Court considered [Plaintiff's] authorities, heard her arguments, denied her garnishment challenge, and overruled her motion for relief from her Agreed Judgment." [Mot. to Dismiss, DN 5-1, 8]. In response, Plaintiff contends that the state court record demonstrates that the court did not reach the merits of her claims currently before this Court.

Under issue preclusion, it's clear that there is an identity of parties between the federal and state action. Additionally, the record reflects that Plaintiff actually raised the issue of attorney's fees, statute of limitations, and interest rate in both her motion to vacate and in front of Judge Bowles. However, issue and claim preclusion do not turn on whether the party raised the issue but whether the issue was actually decided. Therefore, the Court believes that the

application of the preclusion doctrines in this case center on the reason Judge Bowles denied Plaintiff's motion to vacate.

During the hearing on August 1, 2014, Judge Bowles stated, "I just don't think you've met your burden under Rule 60. And therefore, I'm going to deny your motion." [Hr'g Tr., DN 5-8, at 10]. Specifically, Judge Bowles noted, "I do not believe that under the terms of Rule 60, you know, that the subsection F, any other reason of an extraordinary nature justifying relief." Id. at 9. Despite Plaintiff's arguments regarding the lack of counsel, the statute of limitations, attorney's fee, and interest rate, it appears Judge Bowles' decision to deny Plaintiff's motion to vacate was based on a finding that the moving party had failed to show a "reason of an extraordinary nature justifying relief."[1]

Although there is no indication that Judge Bowles actually decided the merits of the arguments made regarding the statute of limitations, attorney's fee, and interest rate, it is possible that he could have rejected each one on the merits. But if he did, at most, this would constitute an alternate determination for denying Plaintiff's motion. In situations where an alternate basis could be determinative in a court's ruling, "the judgment is not conclusive with respect to either issue standing alone." Restatement (Second) of Judgments § 27 (1982). Thus, preclusion does not apply to either finding. Id. ("[S]ince the question of preclusion will almost always be a close one if each case is to rest on its own particular facts, it is in the interest of predictability and simplicity for the result of nonpreclusion to be uniform."); see also Hammond v. Citibank, N.A., No. 2:10-CV-1071, 2011 WL 4484416, at *5 (S.D. Ohio Sept. 27, 2011) ("Because the state court did not explain the basis for its rejection of the Plaintiff's motion, and because there was an

---

[1] This is the position that Defendant's counsel took at the hearing in front of Judge Bowles. In response to Plaintiff's counsel's argument concerning the FDCPA violations, Defendant's counsel stated, "The other issue with DCPA - - I mean, I don't even think we get there. I think Rule 60 is very clear on when you can set it aside." [Hr'g Tr., DN 5-8, at 6-7].

8

alternative basis for the court's ruling, it cannot be said with certainty that the issue was actually passed upon by the state court."). For these reasons, the Court rejects Defendant's argument regarding issue and claim preclusion.

### C. Statute of Limitations

In footnote 4 of Defendant's reply, it asserts that Plaintiff's claims are barred by the statute of limitations for FDCPA claims. As this argument was raised for the first time in Defendant's reply, and Plaintiffs have not had a chance to respond to it, the Court will not consider it. See Keys v. Dart Container Corp. of Ky., 2012 WL 2681461, at *6–7 (W.D. Ky. July 6, 2012); O & G Energy, LLC v. Rimkus Consulting Grp., *LLC,* 2011 WL 6153194, at *6 (E.D. Ky. Dec. 12, 2011).

### III. CONCLUSION

For the foregoing reasons, Defendant DH Capital Management, Inc.'s ("DH Capital") Motion to Dismiss [DN 5] is **DENIED**.

*[Signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

November 4, 2014